IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DENISE LASHELLE MAYS                                                                                          PLAINTIFF

V.                                                                                    CIVIL ACTION NO. 3:24-CV-234-DAS

COMMISSIONER OF SOCIAL SECURITY                                                              DEFENDANT

MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 9. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the Commissioner of Social Security's decision should be affirmed.

FACTS

The plaintiff, Denise Lashelle Mays, filed her applications for a period of disability, disability insurance benefits, and supplemental security income on March 30, 2022, alleging disability beginning on October 20, 2021. The Social Security Administration denied the claims initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on February 22, 2024. The Appeals Council denied the plaintiff's request for review, and this timely appeal followed.

The ALJ determined the plaintiff had the following severe impairments: chronic kidney disease at stage II, essential hypertension, obesity, and dyspnea. The ALJ found she retained the residual functional capacity (RFC) to perform light work, with the following additional

limitations: lifting 20 pounds occasionally and 10 pounds frequently; carrying 20 pounds occasionally and 10 pounds frequently; sitting for 6 hours; standing for 6 hours; walking for 6 hours; pushing/pulling as much as she can lift/carry; climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; stoop frequently; and never crawl.

While the plaintiff is unable to perform any of her past relevant work, the ALJ found, based on the testimony of the Vocational Expert (VE), that there were jobs in the national economy that would fit within her RFC. For example, the ALJ found she can work as a caller, a tabber, and a weight recorder.

## ANALYSIS

The plaintiff raises two issues on appeal. First, she claims the ALJ failed to develop the record when he did not order the requested mental consultative examination and EMG study. At the administrative hearing, the ALJ acknowledged that he would order a mental consultative examination and EMG study, yet the plaintiff did not undergo any examinations prior to the decision in this case. The plaintiff contends this resulted in a decision based on an incomplete record and maintains the ALJ should have, at a minimum, provided an explanation for the failure to order the examinations he previously stated would occur. In response, the Commissioner highlights the discretionary standard for determining when a consultative examination is required and argues substantial evidence supports the ALJ's decision without either the mental consultative examination or EMG study.

The court cannot dispute that the ALJ clearly stated more than once at the administrative hearing that he would order a mental consultative examination and EMG study. However, the court cannot conclude that the ALJ failed to develop the record solely from his failure to order the requested examinations. The plaintiff does not argue, and the hearing transcript does not reveal, what the ALJ hoped to ascertain from a mental consultative examination or EMG study.

In other words, there is no evidence before the court establishing an inconsistency in the evidence or that the evidence is insufficient to allow the ALJ to decide this case. *See* 20 C.F.R. § 404.1519a(b). The court will not draw the conclusion that simply because the ALJ stated he would order these examinations he must have found something that was inconsistent or incomplete where substantial evidence exists in the record supporting the disability determination. The ALJ did not abuse his discretion in failing to order a mental consultative examination and EMG study because the record fails to show these examinations were necessity to make a disability decision. *See Hardman v. Colvin*, 820 F.3d 142, 148 (5th Cir. 2016)

Second, the plaintiff argues the ALJ erred in finding Dr. Walker's opinion persuasive considering subsequent medical evidence demonstrating more restrictive standing and walking limitations. Dr. Walker, a non-examining state agency physician, concluded the plaintiff could engage in light work. Notably, the ALJ valued Dr. Walker's opinion over the subsequent state agency physician's findings that the plaintiff could engage in medium work on the basis that the record warranted greater exertional and postural limitations. The plaintiff argues subsequent orthopedic and physical therapy records demonstrate her inability to stand or walk for six hours and support a sedentary rather than light RFC.

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405 (g.); *Ripley v. Chater*, 67 F.3d 552, 553(5th Cir. 1995); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). In making their disability determinations, the non-examining state agency physicians rarely have a complete record, yet the ALJ is solely "responsible for determining an applicant's residual functional capacity." *Ripley,* 67 F.3d at 557 (citing 20 C.F.R. § 404.1546). It is not a medical opinion, but an administrative decision, and the ALJ has considerable discretion in

considering not just the medical evidence in the record, but other evidence. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted).

Here, there is more than a scintilla of the substantial evidence required to support the ALJ's RFC findings. *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)) (defining substantial evidence as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Even though Dr. Walker did not have all the medical evidence of record available to him when he formulated his opinion, the ALJ did not err in finding his opinion persuasive because it is consistent with and supported by the record. As noted by the Commissioner, the subsequent records identified by the plaintiff evidence relatively normal exam findings with 5/5 motor strength, only mid flexion and rotation loss, and reports that the plaintiff's knee pain was "much better." Similarly, the subsequent physical therapy record documents improvement to the plaintiff's range of motion, flexibility, manual muscle test, and core stability as well as pain reduction and improved movement. The ALJ properly considered the post-DDS opinion evidence contained in the record and found it consistent with Dr. Walker's earlier administrative findings. If the Commissioner's decision is supported by the evidence, as it is here, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

Accordingly, the court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this the 3rd day of April, 2025.

/s/ David A. Sanders
U.S. MAGISTRATE JUDGE